| | |
|---|---|
| SALVADOR GARCIA, | Case No.: 2:19-cv-00825-APG-CWH |
| Plaintiff | **Order (1) Denying Motion to Remand and (2) Granting Motion for Extension of Time** |
| v. | |
| STATE OF NEVADA, et al., | [ECF Nos. 9, 10] |
| Defendants | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Plaintiff Salvador Garcia sues various defendants, alleging they denied him statutory parole eligibility credits. ECF No. 1-2. Defendants State of Nevada, Nevada Department of Corrections, James Cox, the Nevada Parole Board, and the Nevada Department of Public Safety removed the action to this court on the basis of federal question jurisdiction. ECF No. 1. In the notice of removal, these defendants indicated that they consent to removal and that they were unaware of proper service on any other defendant. ECF No. 1 at 3. The defendants thereafter moved to dismiss. ECF No. 3.

Garcia moves to remand the case to state court, arguing that other defendants were served prior to removal and there is no indication these defendants consented to removal. The removing defendants respond that removal was unanimous among the defendants who were properly served. They contend the only defendants who have not consented to removal are Howard Skolnik, Connie Bisbee, and James Wright, and those individuals are no longer State employees. The removing defendants contend Garcia's attempted service on those individuals at their former places of employment is not proper service, so the unserved defendants' consent is not required.

I deny Garcia's motion to remand because it is untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30

days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Failure to obtain all defendants' consent to removal is a procedural defect that can be waived if not timely raised. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

The notice of removal was filed on May 13, 2019. ECF No. 1. Garcia moved to remand more than 30 days later, on July 10, 2019. ECF No. 9. Within 30 days of the removal notice, Garcia had requested an extension of time to respond to the defendants' motion to dismiss, which I granted. ECF Nos. 5, 6. But Garcia did not indicate in his motion to extend time that he intended to challenge removal. ECF No. 5. His motion to remand based on a procedural defect therefore is untimely.

Even if Garcia's motion was timely, I would deny it. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). "If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 956-57.

The removing defendants are the State of Nevada, the Nevada Department of Corrections, James Cox, the Nevada Parole Board, and the Nevada Department of Public Safety. ECF No. 1. Defendants Brian Sandoval, Adam Laxalt, Ross Miller, Catherine Cortez-Masto, and the Nevada Board of Prison Commissioners impliedly consented to removal by opposing the motion to remand. ECF No. 11.

That leaves defendants Skolnik, Bisbee, and Wright. ECF No. 1-1 at 4. Garcia's proofs of service for Skolnik and Bisbee show a service address of 100 N. Carson Street, which is the

2

address for the Nevada Attorney General's Office. ECF No. 9 at 16-17.  Garcia's proof of service for Wright shows a service address of 555 Wright Way, which is the address for the Nevada Department of Public Safety. *Id.* at 19.

The defendants represent (without dispute from Garcia) that Skolnik, Bisbee, and Wright are former state employees for whom the Nevada Attorney General's Office cannot accept service without their request to do so. *See* Nev. Rev. Stat. § 41.0339.  These individual defendants therefore have not been properly served because Garcia has not served them by (1) delivering a copy of the summons and complaint to the individual, (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode, or (3) serving a copy of the summons and complaint on an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e).  Because these defendants were not properly served, their consent to removal was not required under § 1446(b)(2)(A). *Destfino*, 630 F.3d at 957. Consequently, I deny Garcia's motion to remand on this basis.

Garcia separately moves for an extension of time to respond to the defendants' motion to dismiss.  I grant that motion.

IT IS THEREFORE ORDERED plaintiff Salvador Garcia's motion to remand **(ECF No. 9) is DENIED.**

IT IS FURTHER ORDERED that plaintiff Salvador Garcia's motion to extend time **(ECF No. 10) is GRANTED**.  Garcia may file a response to the defendants' motion to dismiss on or before September 25, 2019.

DATED this 6th day of August, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3